IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL SCOTT VANDENBOSH, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. CIV-20-266-JFH-DES |

## ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Kimberly E. West ("Magistrate Judge") on review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying a request for disability benefits by Plaintiff, Earl Scott Vandenbosh ("Plaintiff"). The Magistrate Judge recommends that the Commissioner's decision be affirmed [Dkt. No. 22], and for the reasons set forth herein, this Court agrees with the Magistrate and adopts her recommendation.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed for social security disability benefits on April 9, 2018, alleging disability dating back to June 8, 2012. The Commissioner denied his application after the initial filing and again upon reconsideration. On September 20, 2019, ALJ Edward L. Thompson conducted an administrative hearing at which Claimant was present and testified. Following the hearing, by decision on November 4, 2019, the ALJ concluded that Plaintiff had not been under a disability from June 8, 2012, through June 30, 2016. Plaintiff then filed for review by the Appeals Council June 1, 2020, which the council denied. Therefore, the decision of the ALJ was a final decision for the purposes of appeal. Plaintiff filed a Social Security Disability Complaint in the Eastern

District of Oklahoma on August 4, 2022. The Magistrate Judge issued her Report on September 22, 2022, and Plaintiff timely objected on October 6, 2022, requiring review by this Court [Dkt. No. 23].

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure, 72 (b) (3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." In the disability benefits context, de novo review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal* v. *Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Fowler* v. *Bowen*, 876 F.2d 1451, 1453 (10th Cir. 1989)). It is more than a scintilla, but less than a preponderance. *Lax* v. *Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). On review, the Court will "neither reweight the evidence or substitute [its] judgment for that of the agency." *White* v. *Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias* v. *Sec'y of Health & Human Servs*., 933 F.2d 799, 800 (10th Cir. 1991)).

## DISCUSSION

Plaintiff separates his objection to the Report into three broad categories: (1) the Magistrate Judge incorrectly stated the substantial evidence standard; (2) the Magistrate Judge did not apply the supportability and consistency factors correctly; and (3) the Administrative Law Judge failed to consider the entire record. [Dkt. No. 23]. The Court will address each of these arguments in turn.

With respect to the first objection, the Plaintiff asserts that the Magistrate Judge's definition of substantial evidence is "incomplete". The Magistrate Judge stated the substantial evidence standard as follows.

> The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as reasonable mind might accept adequate to support a conclusion. The court may not reweigh the evidence nor substitute its discretion for that of the agency. Nevertheless, the court must review the record as a whole and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."

Dkt. No. 22 at 2-3 (internal citations omitted). Plaintiff argues that the Magistrate Judge's definition of substantial evidence constitutes a legal error because it is incomplete and "supports the argument that the courts have little power to correct an ALJ's own determination of substantial evidence due to entitled deference." [Dkt. No. 23 at 2]. According to Plaintiff, the Magistrate Judge's definition of substantial evidence would require courts to "uncritically accept ALJ determinations when overwhelming, valid medical evidence from the record demonstrates a disabling condition." *Id*. Plaintiff does not specify what aspects of the substantial evidence standard that the Magistrate Judge left out, he simply asserts that her description was incomplete.

This Court does not find any errors or omissions in the Magistrate Judge's statement of the substantial evidence standard. The Magistrate Judge's definition of substantial evidence in the context of a social security appeal is consistent with the standards articulated by the Tenth Circuit. *Supra* p. 2. There is little difference even between the standard of substantial evidence articulated by the Magistrate Judge and by Plaintiff. The Court finds nothing in the Report and Recommendation indicating that the Magistrate Judge misunderstood or misapplied the substantial evidence standard or otherwise

3

uncritically accepted the ALJ's determination despite overwhelming medical evidence to the contrary. Accordingly, this Court does not find any legal error in the Magistrate Judge's definition of substantial evidence.

Within his first objection Plaintiff also argues that the ALJ's analysis of residual functional capacity is not supported by substantial evidence because the ALJ failed to consider Plaintiff's osteoarthritis in his left shoulder. [Dkt. No. 23 at 3]. Plaintiff objects to the Report's conclusion that the instances where the ALJ incorrectly referred to Plaintiff's osteoarthritis of the left shoulder as osteoporosis were a harmless scrivener's error and not grounds for reversal. [Dkt. No. 22 4-5]. Plaintiff asserts that the ALJ mistakenly considered Plaintiff to have osteoporosis of the left shoulder and not, the correct diagnosis of osteoarthritis.

Upon review of the ALJ's decision, this Court agrees with the Report that the reference to osteoporosis was a scrivener's error that is harmless and not grounds for reversing ALJ's decision. In his step two and four analyses, the ALJ determined that Plaintiff's "osteoporosis in the left shoulder" constituted a "severe impairment". [Tr. 18]. It is not disputed that Plaintiff did not have osteoporosis of the left shoulder but instead had osteoarthritis. Because the ALJ references Plaintiff's left shoulder osteoarthritis several times in his findings, the reference to osteoporosis was clearly a drafting error. The ALJ considered Plaintiff's left shoulder osteoarthritis at step two and step four and his narrative makes several references both directly to the condition and to medical opinions discussing osteoarthritis. [Tr. 24, 133, 135, 148, 152]. The RFC narrative directly references Plaintiff's left shoulder impairment and "joint osteoarthritis" and the various symptoms and treatments Plaintiff experienced with this specific ailment. [Tr. 24]. Accordingly, this

4

Court agrees with the Magistrate Judge that the reference to osteoporosis was a mere scrivener's error and not evidence that the ALJ incorrectly assessed the severity of Plaintiff's ailment.  Mere drafting errors do not warrant remand of the ALJ's decision. *See*, e.g., *Poppa* v. *Astrue*, 569 F.3d 1167, 1172 n. 5 (10th Cir.2009) (noting that a misstatement regarding the claimant's medical record had been stated correctly earlier in the decision and, in any event, was not outcome-determinative); *See* also, *Butterick* v. *Astrue*, No. CIV-09-986-D, 2010 WL 2610790, at *7 (W.D. Okla. May 7, 2010), report and recommendation adopted, No. CIV-09-986-D, 2010 WL 2610291 (W.D. Okla. June 24, 2010), aff'd, 430 F. App'x 665 (10th Cir. 2011) (the typographical error incorrectly describing a particular occupation as being a "light job" appearing in the ALJ's decision does not warrant a remand of the decision.)

Plaintiff's second and third objections essentially assert the that the Magistrate Judge did not apply the supportability and consistency factors correctly and that the ALJ failed to consider the entire record in reaching her decision.  Because Plaintiff is alleging a legal error in part, the Court will first determine whether the Magistrate Judge applied the correct legal standard.  *Doyal*, 331 F.3d at 760.

Plaintiff argues that the Magistrate Judge incorrectly explained the legal standard for analyzing the supportability and consistency factors.  Specifically, Plaintiff objects to the following statement of the law made in the Magistrate Judge's discussion of these factors: "under current regulations, the AL[J] was not required to provide an analysis of how the evidence was considered."  [Dkt. No. 23 at 3; Dkt. No. 22 at 12].  Plaintiff interprets this statement to mean that the Magistrate Judge did not ensure that the ALJ considered all the relevant, probative medical evidence.  Upon review, this is not the case.

5

Plaintiff has simply cherry picked a statement which, when taken out of context could imply that the Magistrate Judge did not hold the ALJ to the appropriate legal standard.

Pursuant to 20 C.F.R. §§ 404.1520b(c)(2), the ALJ is not required to explain how it considered a state agency disability examiner's statement that the claimant is disabled. The regulation categorizes such evidence as "inherently neither valuable nor persuasive" because it is a determination of an issue reserved for the Commissioner. 20 C.F.R. §§ 404.1520b(c)(2). The Magistrate Judge correctly stated this principle in the Report when discussing the determination from Dr. Wienecke, a state agency disability examiner, that Plaintiff was temporarily totally disabled. [Dkt. No. 22 at 12]. Plaintiff argues that because the Magistrate Judge cites to this rule that she did not require the ALJ to explain how he weighed any of the evidence in the Record. This is clearly not the case upon a review of both the Report and the ALJ's determination. The Magistrate correctly articulated appropriate standards for how the ALJ should consider the supportability and consistency factors and held the ALJ to that standard. [*See* Dkt. No. 22 at 10-12 describing in detail the supportability and consistency factors and explaining in detail why the ALJ adequately explained his decision based on these factors.]

In any case, the ALJ did explain why he found Dr. Wienecke's conclusion unpersuasive. As the Magistrate Judge points out, the ALJ found that Dr. Wienecke's determination was "inconsistent with reports that the claimant had no motor deficits and that [he] was able to ambulate without and assistive device." [Tr. 26]. Plaintiff argues that reference to this rule implies that the Magistrate Judge incorrectly stated that the ALJ had no obligation to explain how it weighed any of the evidence, but this is clearly not the case. Upon review of the Report and the underlying Record, this Court finds that the Magistrate

6

Judge properly stated and applied the consistency and supportability factors. Dkt. No. 22 at 10-12.

Finally, Plaintiff broadly objects that the Report erred because the ALJ did not review the entire record before him and failed to discuss evidence that was inconsistent with his decision. This Court will not reweigh the evidence but will review the Report and underlying Record de novo. *See*, *Oldham* v. *Astrue*, 509 F. 3d 1254, 1257 (10th Cir. 2007). Review is focused first and foremost on whether the ALJ's decision is supported by substantial evidence, and an inquiry via a meticulous examination of the "record as a whole." *Flaherty* v. *Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2008); see also 42 U.S.C. § 405(g). The ALJ is not required to "discuss every piece of evidence." *Frantz* v. *Astrue*, 509 F.3d 1299, 1303 (10th Cir.2007). On the contrary, the Court will generally find the ALJ's decision adequate if it discusses the uncontroverted evidence the ALJ chooses not to rely upon and any significantly probative evidence the ALJ decides to reject. *Wall* v. *Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009).

Plaintiff does not point to any specific evidence it believes the ALJ ignored or failed to consider. Instead, Plaintiff summarily asserts that the ALJ failed to review the whole record. Upon review of the underlying Record, this Court finds that the ALJ's determination is thoroughly considered and includes detailed consideration of the probative medical evidence he relied on and why certain evidence was persuasive or not. (Tr. 20-27). Overall, this Court agrees with the Magistrate Judge that the determination of the Commissioner and the ALJ is supported by substantial evidence.

## CONCLUSION

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. It is therefore ordered that Report and Recommendation of the United States Magistrate Judge is hereby AFFIRMED and ADOPTED as this Court's Findings and Order. The decision of the Commissioner is AFFIRMED.

Dated this 18th day of April 2024.

                                                      JOHN F. HEIL, III
                                                      UNITED STATES DISTRICT JUDGE